[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried to the court on July 17 and 18, 1996. The plaintiff, Edward Corcoran (Corcoran), filed suit against the defendant, F W Welding (F W), claiming that he is owed $7,729.50 in commissions on rentals he handled while employed by F W in 1988 and 1989. Pursuant to the order of the court, the parties have submitted posttrial memoranda concerning the applicable statute of limitations.
The court finds that the applicable statute of limitations for Corcoran's cause of action under General Statutes §31-72[1] is General Statutes § 52-596,[2] which applies to payment of remuneration for employment. The evidence demonstrates that Corcoran was paid monthly commissions on rentals in twenty-three out of twenty-four months at issue here. The court finds, therefore, that the payment of commissions was periodic in nature. Accordingly, § 52-596 is the applicable statute of limitations. Further, the statute began to run at the time that the rental customers made payment to F W. Corcoran testified that commissions were due and owing upon payment to F 
W by the rental customer. However, Corcoran did not file the present suit until February 6, 1992, and therefore his claims for commissions owed from 1988 and 1989 are outside the two year statute of limitations period of § 52-596.
In addition, Corcoran has failed to meet his burden of proof that he was entitled to the commissions at issue. The trial exhibits and testimony of Harold Roger Funk (Funk), vice president and chief operating officer of F W, indicate to the court that F W, i.e. Funk, set the rules as to when and to whom commissions for rentals would be paid. The exhibits and testimony also indicate that F W had already paid Corcoran all CT Page 265 commissions due him. Other commissions claimed by Corcoran were not due for the reason either that F W was never paid by the rental customer for the rental at issue, F W was unable to locate sufficient information with which to verify whether a commission was due, or, finally, the great catch-all, that Corcoran, in the opinion of Funk, was simply not entitled to a commission for the respective rental. Furthermore, as there was no written employment agreement between Corcoran and F W, the employer, and the employer, i.e. Funk, set the rules as to whom and when commissions were due, Corcoran, unfortunately for him, was an employee at will in the eyes of the court.
For the foregoing reasons, judgment shall enter on behalf of the defendant, F W Welding Service, Inc.
Skolnick, J.